Lucy J. BUCKLEY, Plaintiff, Appellant,

v.

AMERICAN HONDA MOTOR COMPA-
NY, INC., Defendant, Appellee.

No. 85–1346.

United States Court of Appeals,
First Circuit.

Argued Sept. 6, 1985.

Decided Dec. 19, 1985.

Robert V. Lizza with whom Stephen A. Hopkins and Sherburne, Powers & Needham, Boston, Mass., were on brief for plaintiff, appellant.

Peter M. Durney with whom Cornell & Gollub, Boston, Mass., was on brief for defendant, appellee.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge and CEREZO,[*] District Judge.

CEREZO, District Judge.

Plaintiff appeals from the judgment dismissing her products liability suit as time barred. Applying Massachusetts' three-year statute of limitations period for this type of case, Mass. G.L. c. 260, sec. 2A and c. 106, sec. 2–318, and that state's particular criteria of accrual for inherently unknowable wrongs, *see Fidler v. Eastman Kodak Co.*, 714 F.2d 192, 196–99 (1st Cir. 1983), the district court concluded that once plaintiff had knowledge of her injuries and the fact that contact with the steering wheel and engine was involved in causing her injuries, she was on notice that the design of her 1979 Honda may have been a cause of her injury and had the responsibility to investigate and determine whether she had a claim against defendant.

We review the factual setting in light of the requirements of Fed.R.Civ.P. 56 and its case law. On March 2, 1980, plaintiff's 1979 Honda Civic collided at an approximate speed of fifteen miles per hour with a Buick sedan. The front end of her car bore the brunt of the impact. Despite the low speed, she was seriously injured when the front end of her car was pushed back causing the steering column to strike her chest and the engine to enter the driver's compartment. In April 1981, plaintiff filed an action in state court against the driver of the Buick. That case was settled for the full value of the insurance policy. Three years later, on March 2, 1984, she sued American Honda Motor Co., Inc., the distributor of her 1979 Honda Civic, for breach of warranty, negligent design, fail-

* Of the District of Puerto Rico, sitting by designa-    tion.

ure to warn of design deficiencies and strict liability. The alleged defect was the inability of the vehicle to withstand normal crash impact in a safe manner by reducing the backward movement of the steering column and the engine.

A timetable for discovery and motions was established to explore the issue of whether the products liability claims were time barred. Defendant requested summary judgment contending that the date of the accident set the time for accrual. Plaintiff argued that until June of 1983, when she read a magazine article which described the results of crash testing the 1980 Honda Civic, she had no warning or other information which could have given her notice that her injuries were far more serious because of design deficiencies in her 1979 Honda Civic. After further investigation, her attorney found a November 1981 report prepared by the MGA Research Corp. for the National Highway Traffic Safety Administration (NHTSA) which stated that significant reduction of potential injury by front end impact to front seat passengers had been achieved by changing the steering column and seat belts in the Honda Civic 1981 model as compared to the 1980 model, which was similar to the 1979 model.

Plaintiff argues on appeal that there were issues of fact which barred summary disposition of this case and that the application of Massachusetts law was erroneous. In an attempt to preclude defendant from using the doctrine that sets accrual at the time the claimant has reasonable notice of the injury, plaintiff asks that we infer that Honda deliberately withheld information concerning the crash characteristics of the 1979 and 1980 models of the Honda Civic which it must have known prior to the time she bought her car in February of 1980. The basis for this inference is the assumption that prior testing had to be done before the NHTSA report was issued. Appellant suggests that had she been given more time for discovery she might have come up with something to buttress her estoppel argument.

Her position on the application of Massachusetts accrual criteria is that, even assuming that the date on which she read the magazine article were irrelevant for accrual purposes, there is still no way she could have reasonably discovered the causal relationship between her injuries and the design deficiencies of her car prior to publication of the November 1981 report. She claims that a products liability claim against the Honda manufacturer or distributor, without the benefit of this particular report, would have been speculative and would possibly have violated federal pleading requirements.

Although appellant contends, in general terms, that there are issues of fact that precluded summary dismissal, she has pointed to none which meet the rule's genuineness and materiality requirements. *See Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). The suggestion that a genuine controversy exists as to whether defendant is estopped from resorting to the limitations defense because of the possibility of deliberately withholding information is based on groundless assumptions. The "favorable inferences" generally afforded parties opposing summary judgment must be reasonable and based on factual elements, not on conjecture, *id., see White v. Hearst Corp.*, 669 F.2d 14, 19 (1st Cir.1982). The bare hope that additional discovery will provide the factual support that past discovery has failed to muster is insufficient to thrust aside a well-grounded motion for summary judgment. *See Over the Road Drivers, Inc. v. Transport Insurance Co.*, 637 F.2d 816, 820 (1st Cir.1980). The district court did not commit reversible error in its application of Rule 56 criteria.

Appellant admits that neither she nor her attorney ever undertook *any* investigation prior to the summer of 1983 regarding the automobile's design and its possible link to her injuries. At the time of the accident she was aware that her chest injuries were caused by the backward movement of the steering wheel and column and that she

hurt her right knee when the engine entered the passenger compartment. The circumstances surrounding the crash, *i.e.,* the low speed, the extent of her car's damage despite the relatively light impact, the fact that contact with the steering wheel and the engine caused her injuries, were all known to her at the time of the accident. Even assuming the correctness of plaintiff's conclusory, albeit unrebutted, statement that there were no published reports similar to the NHTSA report prior to November 1981, the circumstances surrounding the collision and the state of the law at the time were sufficient indicia to place her on notice that design deficiencies were a contributing cause of her injuries and to trigger an inquiry into defendant's potential liability. *See Fidler,* 714 F.2d at 196–99. As plaintiff herself points out, at the time of the accident the general doctrine that automobile manufacturers could be found liable if their cars were not crashworthy had long been established by federal case law, *see, e.g., Larsen v. General Motors,* 391 F.2d 495 (8th Cir.1968) (excessive backward thrust of the steering column in General Motors' Corvair model upon front end impact), and by the Supreme Judicial Court of Massachusetts, *see Back v. Wickes Corp.,* 375 Mass. 633, 378 N.E.2d 964 (1978). It cannot seriously be argued that the 1981 NHTSA report was a scientific "breakthrough," given the existence of the earlier doctrine that automobiles in general, regardless of the make, could be defective if not built to respond to a crash situation in a reasonably safe manner. This theory of causation was well known at the time of the accident in the legal and scientific communities. The fact that there was no specific report on plaintiff's particular car model is not indicative of such a lack of adequate scientific knowledge which would make plaintiff's theory of causation "not sufficiently understood to support a legal claim." *Fidler,* 714 F.2d at 200. She could have conducted a routine investigation by inquiring of knowledgeable individuals who did not necessarily have to be NHTSA car design engineers. There is nothing in the record from which

to show that a reasonable and effective preliminary investigation would have been prohibitively costly, or that such an investigation would have been futile. The defect which made the model "uncrashworthy" in the present case, the alleged lack of collapsibility of the 1980 model's steering column, could also have been ascertained through regular discovery after filing the case. It would be unreasonable to require litigants to file complaints only after the completion of all testing has established the definite and exact cause of their injuries.

Given the existence of the doctrine of crashworthiness at the time of the accident and the circumstances surrounding this collision, we find that appellant had enough data to reasonably conclude that the defective design of defendant's product was a likely contributing cause to the seriousness of her serious injuries. From that moment on she had the duty to make inquiry as to whether or not she had a valid legal claim to bring before the courts.

The judgment of the district court is *Affirmed.*