Brennan v. Merrimack                    CV-92-280-B    04/30/93

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

William J. Brennan

    v.                                          Civil No. 91-280B

The Town of Merrimack,
New Hampshire


**O R D E R**


Pro se plaintiff William Brennan filed this 42 U.S.C. § 1983 action against defendant the Town of Merrimack, New Hampshire ("the Town"), alleging that the Town refused to hire him as a permanent firefighter because of his prior arrest record and his suit against the City of New York, New York, even though he claims that he was the most qualified applicant for the position. Two motions are currently pending:  (1) Brennan's motion for the appointment of counsel (Document no. 27), and (2) the Town's motion for summary judgment (Document no. 24).  For reasons which follow, I deny Brennan's request for the appointment of counsel and grant the Town's motion for summary judgment.

I.  Appointment of Counsel

It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Cookish v. Cunnigham, 787 F.2d

1, 2 (1st Cir. 1986) (citing Andrews v. Bechtel Power Corp. & Local 276, Plumbers & Pipefitters Union, 780 F.2d 124, 137 (1st Cir. 1985), cert. denied, 476 U.S. 1172 (1986)).  Section 1915(d) of Title 28, however, provides that district courts "may request an attorney to represent such person unable to employ counsel . . . ." (emphasis added).  The Court of Appeals for the First Circuit has concluded that indigent civil litigants must demonstrate "exceptional circumstances" before a district court may exercise its discretion and appoint counsel.  See id. "Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the ability of the individual bringing it."  Id.

Brennan first moved for appointment of counsel after the magistrate judge issued a Report recommending that Brennan's complaint be dismissed for failure to state a claim.  Although this court (Devine, C.J.) found the complaint sufficient at that stage to withstand dismissal, it denied Brennan's motion, stating that "this case is not of the exceptional category" which warrants the appointment of counsel.  I agree.  Cf. Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988) (district court properly denied indigent civil litigant's request for appointed counsel in section 1983 case because, among other things, he "demonstrated

through is filings . . . a familiarity with, and workable knowledge of, the legal process and its rules," and his "allegations were clearly stated and demonstrated an understanding of the issues"). Accordingly, Brennan's present motion for appointed counsel (Document no. 27) is denied.

II. Summary Judgment

On November 6, 1992, the Town filed a motion for summary judgment accompanied by a supporting affidavit and a memorandum of law. See Document no. 24. Three weeks later, on November 30, 1992, Brennan was given a thirty day extension to respond to the Town's motion, see Document no. 26, but he failed to file any response.

Rule 56(e) of the Federal Rules of Civil Procedure provides that "if the adverse party does not [file an opposition], summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e) (emphasis added). The First Circuit has made it clear that

> the failure of a non-moving party to file timely opposition to a motion for summary judgment, does not, in itself, justify entry of summary judgment against that party, but that "the district court [is] still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate."

3

<u>Mullen v. St. Paul & Fire Ins. Co.</u>, 972 F.2d 446, 452 (1st Cir. 1992) (quoting <u>Kelly v. United States</u>, 924 F.2d 355, 358 (1st Cir. 1991)); <u>accord</u> <u>Lopez v. Corporacion Azucarera de Puerto Rico</u>, 938 F.2d 1510, 1516 (1st Cir. 1991).  However, the opposing party, by failing to submit a written objection and memorandum as required by Local Rule 11(d),[1] waives the right to controvert the facts asserted by the moving party.  <u>Jaroma v. Massey</u>, 873 F.2d 17, 21 (1st Cir. 1989) (construing Rule 11 of the Rules of the United States District Court for the District of New Hampshire). The district court will then

> accept as true all material facts set forth
> by the moving party with appropriate record
> support.  If those facts entitle the moving
> party to judgment as a matter of law, summary
> judgment will be granted.

<u>Id.</u>

After reviewing the affidavit and memorandum of law filed by the Town in support of its motion for summary judgment, I conclude that the Town has met its burden of demonstrating "the absence of any material factual issue as a matter of law."  <u>See</u> <u>id.</u>  The affidavit of James C. Pitts, the Administrative Officer

---

[1]Local Rule 11(d) states that, unless the opposing party files a written objection and memorandum to the motion, "he shall be deemed to have waived objection, and the court may act on the motion."

for the Town, asserts the following:

(1) Brennan did not receive the highest score on the written exam; he, in fact, received the third highest score among all applicants;

(2) the candidates selected were first and second as a result of the oral board, written exam, staff evaluation, education, state certification, experience on fire departments, and background checks;

(3) the decision not to hire Brennan was not based upon his prior arrest record; the town, in fact, had previously learned of his record, and, despite this knowledge, had hired him as a part-time custodian;

(4) Brennan's candidacy for the position of full-time firefighter was adversely affected by the Town's knowledge of his prior unsatisfactory employment experience with the Town; Brennan resigned from his position as part-time custodian for the Town after being accused by his supervisor of forging his time sheets; he was disciplined by the Deputy Chief of the Merrimack Fire Department for a driving violation while responding to a fire call as a volunteer fireman for the Town; and he was the subject of complaints in his position as head lifeguard for the Town; and

(5) the Town does not have an "ordinance, policy, custom or procedure that discriminates against job applicants that have previous criminal arrests."

See Pitts Aff. ¶¶ 3-20. These facts, taken as uncontroverted, establish that plaintiff has no claim that the Town's refusal to hire him deprived him of his right to due process. Petru v. Berwyn, 872 F.2d 1359, 1363 (7th Cir. 1989). Similarly, the

5

uncontroverted facts establish that plaintiff cannot prove that the Town's refusal to hire him violated his right to equal protection because the Town's decision to hire someone in his place was not based on plaintiff's status as a member of a class of persons who had previously been arrested.  Compare Furst v. New York City Trust Authority, 631 F. Supp. 1331, 1336 (E.D. N.Y. 1986).  Accordingly, I grant defendant's motion for summary judgment (document no. 24).

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

April 30, 1993

cc:  Laurence E. Kelly, Esq.
     Craig L. Staples, Esq.
     William J. Brennan