Eaton v. Plymouth                    CV-94-056-L    06/01/95

**THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Peggy S. Eaton

    v.                                    #C-94-56-L

Plymouth State College


## ORDER

Currently before the court is defendant's (Plymouth State College) Motion to Strike Class Action Allegations (Doc. 12). Also before the court is plaintiff's (Peggy Eaton) Notice of Motion for Class Action Order (Doc. 13). For the reasons discussed below, the Motion to Strike Class Action Allegations and the Notice of Motion for Class Action Order are both denied.


## BACKGROUND

The underlying action was brought by Peggy S. Eaton, an instructor at Plymouth State College, under Title VII U.S.C. § 2000e and 42 U.S.C. § 1983. Plaintiff alleged in her complaint that because of her gender status she was paid less than similarly situated male instructors, that the unequal pay continued over a number of years, and that the defendant failed and refused to take remedial action to correct the unequal pay. Plaintiff also alleged defendant was negligent in failing to

properly train or supervise its employees and agents concerning areas pertaining to discrimination law. According to plaintiff, such a failure to supervise resulted in lost income, pain, suffering and humiliation for her. Plaintiff finally alleged marital status discrimination in that the defendant paid plaintiff less than a married male colleague, and according to plaintiff the reason provided for such disparity was that men need higher salaries to support their families.

Plaintiff brought her suit individually and as a class action on behalf of other female faculty members employed at Plymouth State College.

I.  Motion to Strike Class Action Allegations (Doc. 12)

Defendant now requests the court to strike the class action allegations contained within plaintiff's complaint. As support for the request, defendant asserts the plaintiff has unduly delayed in moving for certification of the putative class.

As a few points of interest, plaintiff commenced her action on February 8, 1994. Further, by order dated May 23, 1994, this court stated that discovery, in relation to the class action suit, shall terminate within six months. Finally, on May 3, 1995, this court extended the discovery deadline until November 15, 1995. Consequently, in light of the fact that discovery is

2

still on-going, the court is hesitant to subscribe to defendant's assertion that the plaintiff has unreasonably delayed in moving for certification of the putative class.

Even if the court were to assume, for the sake of argument, that the plaintiff has delayed in certifying the class, plaintiff's misstep would not automatically warrant striking the class action allegation. Succinctly, absent any resulting prejudice to a party, a "delay in seeking certification is not grounds for denial." Souza v. Scalone, 64 F.R.D. 654, 656 (N.D. Cal. 1974); Muth v. Dechert, Price and Rhoads, 70 F.R.D. 602, 606 (E.D. Pa. 1976) ("It is clear, however, that the untimeliness of the class action motion, in and of itself, will not justify denying class status to the action."); Boring v. Medusa Portland Cement Co., 63 F.R.D. 78 (M.D. Pa. 1974).

There being no apparent prejudice to defendant resulting from plaintiff filing her Class Action Motion on May 5, 1995, defendant's motion to strike class action allegations (Doc. 12) due to plaintiff's failure to timely file a certification is denied.

II. Motion for Class Action Order (Doc. 13)

Having determined that the plaintiff has timely filed a request for certification, the court now considers whether the

3

class may be properly certified. Plaintiff requests the court to certify for class action status the group consisting of all female instructors, assistant and associate professors and professors from academic years 1988 through 1991.

Before a party may have a case certified as a class action, she must overcome or satisfy a five-part analysis articulated in Fed. R. Civ. P. 23. Specifically, pursuant to Fed. R. Civ. P. 23(a),

> [o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to the aforementioned four criteria, one of the subsections identified in Fed. R. Civ. P. 23(b) must be satisfied. Shaw v. Mobil Oil Corp., 60 F.R.D. 566, 568 (D.N.H. 1973).

Considering the parameters of Fed. R. Civ. P. 23, the court is mindful that the party seeking certification has the burden of establishing that each of the criteria provided in Rule 23 is satisfied. Lamphere v. Brown University, 553 F.2d 714, 715 (1st Cir. 1977).

In performing a cursory scan of the record presented in this

4

case, this court is heedful of the fact that the plaintiff has not established or satisfied the required criteria set forth in Rule 23.

First, the putative class of which the plaintiff seeks to certify is not so numerous that joinder is made impracticable. Rather, within plaintiff's memorandum of law in support of her class action, plaintiff states that there are only 46 women who are potentially the victims of discrimination based on sex. Consequently, based on the rather minimal numbers to which plaintiff seeks to certify as a class, it would appear joinder of such a number is capable of being done or carried out without unreasonable burden.

As further support for the conclusion that joinder is not only reasonable but is in fact practicable, plaintiff has provided indications that most of the women faculty members who would comprise the class are identifiable and are still living in New Hampshire. Plaintiff finally states that she has current addresses for all but 9 of the 46 women who would comprise the class.

Given the fact that plaintiff seeks to comprise a class of 46 women, all of whom are from the same geographic area, joinder of the women appears to be the more practicable alternative to a class action. Andrews v. Bechtel Power Corp., 780 F.2d 124, 131-

5

32 (1st Cir. 1985) ("Joinder is considered more practicable when all members of the class are from the same geographic area."); Dale Electronics, Inc. v. R.C.L. Electronics, Inc., 53 F.R.D. 531, 534 (D.N.H. 1971); Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1038 (5th Cir. 1981). Andrews, 780 F.2d at 132 ("where class members can be easily identified, joinder is more likely to be practicable."); Garcia v. Gloor, 618 F.2d 264, 267 (5th Cir. 1980), cert. denied, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981).

Even assuming, for the sake of argument, that plaintiff were able to establish that joinder of all members of the potential class is impracticable, plaintiff has not made a sufficient showing to overcome the second and third requirements enunciated in Fed. R. Civ. P. 23. In reviewing plaintiff's memorandum and other aspects of the record, there appears to be no well-founded commonality and typicality between plaintiff's suit and maintenance of a suit as a class action. See General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 157-160 (1982) (commonality and typicality tend to merge in the context of Title VII actions). Fundamentally, the two reports (Hayden study and Bechard study) relied upon by plaintiff, to support her contention that other women have been paid less than similarly situated men, are not compelling or apposite on the issue of

6

discrimination.  To put it laconically, neither the Hayden study

nor the Bechard study provides even the slightest showing to

support an inference that defendant intentionally discriminated,

in the form of salaries offered, against female faculty members.

In fact, as noted specifically in the Hayden report, the "study

is inconclusive on the existence of class discrimination against

women . . . ."  Moreover, although there may be certain

disparities between the pay received by men as compared to those

received by women, the report explained the differences by

stating the following:

> On average, the males are about three and a half years
> older, have spent about five and a half more years in
> the profession, are more likely to hold a doctorate,
> and are more likely to be in areas of high market
> demand than are the women.  All of these factors would
> tend to produce higher salaries for men, even in the
> absence of salary discrimination.

P.S.C. Faculty Salary Equity Study, 1987-1988, Dr. Robert W.
Hayden, page 1.

To recapitulate, in order to maintain an action as a class

action, plaintiff would have to provide more complete and

compelling evidence to support an inference that sex

discrimination resulted in female faculty members being paid less

than similarly situated male faculty members.  The Hayden study

and Bechard study fall dramatically short in this regard.  As

such, there is not an apparent commonality or typicality between

7

plaintiff's suit and the suit she seeks to maintain as a class action.

CONCLUSION

Consequential to the determination that the parties in which plaintiff seeks to certify as a class are more readily able to be joined in plaintiff's suit against defendant, plaintiff has failed to satisfy an essential criteria necessary for class certification. Additionally, plaintiff has failed to sustain her burden of establishing that there are questions of law or fact common to the class and that the claims or defenses propounded by her are typical of the claims or defenses of the class. Therefore, cognizant that certification "is essentially an exercise of discretion," this court declines to certify plaintiff's class action.

Accordingly, defendant's motion (Doc. 12) to strike class action allegations due to untimeliness is denied. Plaintiff's motion for class certification (Doc. 13) is likewise denied.

June 1, 1995

_____
Martin F. Loughlin
Senior Judge

Susan V. Denenberg, Esq.
Martha V. Gordon, Esq.