Timothy PIGFORD, et al., Plaintiffs,

v.

Ann VENEMAN, Secretary, United States Department of Agriculture, Defendant.

Cecil Brewington, et al., Plaintiffs,

v.

Ann Veneman, Secretary, United States Department of Agriculture, Defendant.

Nos. CIV.A. 97–1978(PLF), CIV.A. 98–1693(PLF).

United States District Court, District of Columbia.

May 28, 2003.

Jacob A. Stein, Stein, Mitchell & Mezines, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, David A. Branch, Anthony Herman, Covington & Burling, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, J. L. Chestnut, Jr., Chestnut, Sanders, Sanders, Pettaway, Campbell & Albright, Selma, AL, John Michael Clifford, Mona Lyons, Clifford, Lyons & Garde, Caroline Lewis Wolverton, U.S. Department of Justice, Washington, DC, Marcus B. Jimison, NCCU School of Law, Stephen J. Bowens, Durham, NC, Phillip L. Fraas, Washington, DC, for plaintiffs.

Terry M. Henry, Susan Hall Lennon, Daniel Edward Bensing, U.S. Department of Justice, Washington, DC, Amanda Quester, Federal Trade Commission, Washington, DC, David Monro Souders, Weiner, Brodsky, Sidman & Kider, PC, Michael Sitcov, Elizabeth Goitein, U.S. Department of Justice, Civil Division, Federal Programs Branch, Washington, DC, for defendant.

John Wesley Davis, Washington, DC, James W. Myart, Jr., Law Offices of James W. Myart, Jr., & Associates, San Antonio, TX, Gerard Robert Lear, Arlington, VA, for claimant.

Evans M. Folins, Los Valores, CA, pro se.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

The Court has before it a motion for reconsideration and a motion to strike filed by the law firm of Chestnut, Sanders, Sanders, Pettaway, Campbell & Albright L.L.C. ("Chestnut, Sanders"), both requesting modification of this Court's April 14, 2003 Memorandum Opinion and Order granting defendant's motion to strike. Upon consideration of the parties' arguments and the entire record in this case, the Court will deny both motions. In addition, the Court reminds movants (and all counsel in this case) that any reference to the content of a roundtable meeting held by the Monitor in this case, or disclosure of any confidential notes from such a meeting is an express violation of the confidentiality provision of the April 4, 2000 Order of Reference.

In its Memorandum Opinion and Order of April 14, 2003, the Court struck two recent

filings by Chestnut, Sanders on the ground that the documents included unsupported and scandalous accusations of racism directed at counsel for defendant. *See Pigford v. Veneman,* 215 F.R.D. 2 (D.D.C.2003). Central to the Court's decision to strike was the enormity of the allegations: Chestnut, Sanders had accused defense counsel of "engaging in conduct of the most deplorable kind." *Id.* at 3. In the instant motions, movants argue that "[i]n all fairness" the Court also should strike a comment by defense counsel that described a motion by Chestnut, Sanders as an example of "hate mongering." Defendant's Opposition to Plaintiffs' Motion to Reopen All Late Claims Due to Mail Delays at 1.

In urging the Court to restore "fairness" by striking defendant's comment, movants overlook the qualitative difference between defendant's statement and the accusations of racism previously struck by the Court. While defendant's accusation of "hate mongering" did not exhibit an ideal, or even appropriate, level of civility, that statement simply does not compare to movants' subsequent accusation that defense counsel shared the reprehensible racist attitude of those "who systematically destroyed the farms and lives of thousands of farmers, simply because they were black." Because a motion to strike seeks "an extreme remedy" that "generally is disfavored," the Court will not undertake to excise every harsh statement from the record. *See Pigford v. Veneman,* 215 F.R.D. at 4. Such a course would be unwise and wasteful for all involved.

Furthermore, as it made clear in its previous opinion, the Court is disappointed that recent filings by counsel on both sides of this case "have grown less civil, less respectful, and less professional." *Pigford v. Veneman,* 215 F.R.D. at 5. The Court now reiterates the need for improved communication among counsel and urges them to focus on increased civility rather than on an endless exchange of accusations followed by an endless exchange of motions to strike.

Finally, the Court is greatly concerned about Chestnut, Sanders' reference to events allegedly occurring at confidential Monitorled roundtable meetings. *See* Motion for Reconsideration at 2. The Court is confident that counsel are well aware that such references expressly violate the confidentiality provision of the April 4, 2000 Order of Reference. Given the importance of confidentiality to all those involved in roundtable meetings, the Court expects no further breaches of that confidentiality.

For these reasons, it is hereby

ORDERED that Chestnut, Sanders' motion for reconsideration [793] is DENIED; and it is

FURTHER ORDERED that Chestnut, Sanders' motion to strike [797] is DENIED.

SO ORDERED.