In re Tyco Int'l MDL                    MD02-1335-PB   06/12/07

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**In re Tyco International, Ltd.**          MDL DOCKET NO. 02-1335-PB
**Multidistrict Litigation (MDL 1335)**    **SECURITIES CATEGORY**
                                           Case No. 03-cv-1352-PB
                                           Opinion No. 2007 DNH 075


MEMORANDUM AND ORDER

This class action arises from a decision by Tyco

International Ltd. ("Tyco") to sell off a minority interest in

one of its wholly owned subsidiaries, TyCom Ltd. ("TyCom").  The

proposed class consists of all persons or entities who purchased

TyCom stock, either pursuant to a July 26, 2000 Registration

Statement and Prospectus ("Prospectus") for TyCom's initial

public offering ("IPO" or "Offering"), or on the open market

between July 26, 2000 ("Effective Date") and December 17, 2001

("Class Period").  Lead plaintiff, Mark Newby, claims that

defendants Tyco, TyCom, L. Dennis Kozlowski, Mark H. Swartz, and

Neil R. Garvey devised a scheme to fraudulently reap more than

$200 million in cash from the July 26, 2000 IPO of common shares

in TyCom.  Newby also claims that analysts employed by the Underwriters of the Offering issued false reports in furtherance of the scheme.  On September 2, 2005, I granted the Underwriters' motion to dismiss and denied motions to dismiss by the other defendants (Doc. No. 514).

Newby has moved for the certification of a class consisting of

> All persons and entities who purchased shares of TyCom Ltd. ("TyCom" or the "Company") common stock pursuant to or traceable to the July 26, 2000 Registration Statement and Prospectus ("Prospectus") for TyCom's initial public offering (the "Offering") or who purchased TyCom common stock on the open market during the period July 26, 2000 through December 17, 2001 (the "Class Period") and were damaged thereby (the "Class"), to recover damages caused by defendants' violations of the federal securities laws.  Excluded from the Class are the defendants, officers and directors of Tyco, TyCom, or the Underwriter Defendants, members of the immediate family of each of the Individual Defendants, and affiliates of the corporate defendants.

Lead Pl.'s Mot. for Class Certification at 1 (Doc. No. 653).

Defendants argue that the class should not be certified because the lead plaintiff is not a typical or adequate class representative.  Alternatively, they argue that the class period should be shortened to exclude investors who sold their TyCom shares prior to March 21, 2001.

# I. <u>CLASS CERTIFICATION STANDARD</u>

Federal Rule of Civil Procedure 23 sets out the familiar requirements for class certification. Fed. R. Civ. P. 23. The class representative has the burden of showing that each requirement has been met. <u>Makuc v. Am. Honda Motor Co.</u>, 835 F.2d 389, 394 (1st Cir. 1987). The class certification inquiry has two steps. First, the class representative must show that the proposed class satisfies all four of Rule 23(a)'s threshold requirements, which are commonly known as numerosity, commonality, typicality, and adequacy. Second, he must demonstrate that the lawsuit may be maintained as a class action under one of the three subsections of Rule 23(b).

## A. <u>Rule 23(a)</u>

The numerosity requirement limits class actions to those cases in which "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[N]umbers alone are not usually determinative," but both the number of potential class members as well their geographic distribution are relevant to the numerosity determination. <u>Andrews v. Bechtel Power Corp.</u>, 780 F.2d 124, 131–32 (1st Cir. 1985). In addition,

a proposed class is more likely to satisfy the numerosity requirement if it is difficult to identify potential class members. Id. at 132.

The commonality requirement provides that there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality "is not a high bar." In re Chiang, 385 F.3d 256, 265 (3d Cir. 2004). The requirement "'will be satisfied if the class representatives share at least one question of law or fact with the grievances of the prospective class.'" Id. (quoting Johnston v. HBO Film Mgmt., 265 F.3d 178, 184 (3d Cir. 2001)). "[A]n identity of claims or facts among class members" is not required. Johnston, 265 F.3d at 184.

The typicality requirement calls for a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Although the class representative's claims need not be identical to those of the class as a whole, they must be "'based on the same legal theory and arise from the same practice or course of conduct.'" In re Compact Disc Minimum Advertised Price Antitrust Litig., 216 F.R.D. 197, 204-05 (D. Me. 2003) (quoting In re Playmobil Antitrust Litig., 35 F. Supp. 231, 241 (E.D.N.Y.

-4-

1998)).  A class representative's claims are not typical if they "may be subject to unique defenses that would divert attention from the common claims of the class," In re Bank of Boston Corp. Sec. Litig., 762 F. Supp. 1525, 1532 (D. Mass. 1991), or "if factual differences predominate to the extent where the court must make highly fact-specific or individualized determinations in order to establish a defendant's liability to each class member."  Collazo v. Calderon, 212 F.R.D. 437, 443 (D.P.R. 2002).

Finally, the adequacy requirement is satisfied if "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The adequacy requirement has two prongs.  First, a class representative must show that "counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation."  Andrews, 780 F.2d at 130.  Second, the class representative must demonstrate "that the interests of the [class representative] will not conflict with the interests of any of the class members."

B.    **Class Certification under Rule 23(b)**

Next, a class representative must demonstrate that the class meets one of the criteria outlined in Rule 23(b).  See Amchen

<u>Prods., Inc. v. Windsor</u>, 521 U.S. 591, 613-14 (1997). Here, Newby seeks certification under Rule 23(b)(3). Under Rule 23(b)(3), he must show that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). "[T]he (b)(3) class action was intended to dispose of all other cases in which a class action would be 'convenient and desirable,' including those involving large-scale, complex litigation for money damages." <u>Allison v. Citgo Petroleum Corp.</u>, 151 F.3d 402, 412 (5th Cir. 1998) (quoting <u>Amchem</u>, 521 U.S. at 615). Participation in a 23(b)(3) class is not mandatory; the court is obliged to notify putative class members that they may opt out of the class and seek relief as individuals. <u>See</u> Fed. R. Civ. P. 23(c)(2)(B); <u>Amchem</u>, 521 U.S. at 617.

## II. <u>ANALYSIS</u>

In challenging Newby's motion for class certification, defendants, for the most part, merely reiterate arguments that I rejected in ruling on their motions to dismiss the Tycom

-6-

complaint and plaintiffs' motion for class certification in the Securities Action. In re Tyco Int'l, Ltd., 236 F.R.D. 62 (D.N.H. 2006) ("Tyco Class Cert."). I conclude here, as I did in those Orders, that defendants' arguments are without merit.

The defendants first argue that Newby cannot satisfy the typicality or adequacy requirements of Rule 23(a) because his unrepresentative trading record puts him in conflict with most members of the putative class.[1] Alternatively, defendants argue that if the class is certified, the class period should be shortened to exclude investors who sold their TyCom shares prior to March 21, 2001. I address each argument in turn.

## A. Typicality and Adequacy

Defendants typicality and adequacy arguments essentially take the form of one consolidated argument. Because Newby bought and sold most of his shares early in the class period, defendants contend, his interests conflict with those of class members who purchased later and/or who retained shares longer. Specifically,

---

[1] Defendants do not contest the numerosity or commonality requirements of Rule 23(a) or the commonality or superiority requirements of Rule 23(b)(3). Accordingly, I deem those arguments to be waived by defendants and accept Newby's contention that these requirements are satisfied.

defendants contend that Newby's trading record is atypical because he acquired all of his TyCom shares within the first two days of the class period (July 26-27, 2000), sold the bulk of those shares five months later (December 2000), and retained only 300 shares[2] for the duration of the class period (through December 17, 2001). Defendants then suggest that Newby is an atypical and inadequate class representative because (1) Newby has no incentive to prove that misstatements alleged to have been made after he purchased his stock were inflationary, and (2) it is "extremely unlikely that Newby's optimal theory of loss causation . . . will resemble" that of investors who sold after December 2000.

I reject these arguments for the same reasons that I rejected similar arguments in certifying the Tyco Securities Plaintiffs' class.

> I [] am unpersuaded by Tyco's assertion that the proposed class [representative is inadequate] because

---

[2] The parties dispute whether Newby has standing to bring claims with respect to an additional 1,000 shares purchased on July 27, 2000 by and for the Newby, Inc. profit sharing plan, which later transferred to Newby's personal account. Because this dispute has no bearing on the question of class certification and because the record on this matter is not fully developed in the briefs, I decline to address it here.

> some class members will have stronger loss causation arguments than others based upon when they sold their Tyco stock. As the First Circuit has recognized, classes are routinely certified where common issues predominate even though individual issues exist with respect to other matters such as affirmative defenses or damages. <u>Smilow v. Sw. Bell Mobile Sys., Inc.</u>, 323 F.3d 32, 39 (1st Cir. 2003). There is no reason why this principle should not also apply to the subject of loss causation. Here, the need to make different loss causation determinations for class members depending on when they sold their stock does not alter the "sufficient constellation of common issues [that] binds class members together" into a single class. <u>Waste Mgmt. Holdings [Inc. v. Mowbray]</u>, 208 F.3d [288,] 296 [(1st Cir. 2000)].

<u>Tyco Class Cert.</u>, 236 F.R.D. at 71. <u>See also</u> <u>Swack v. Credit Suisse First Boston</u>, 230 F.R.D. 250, 260 (D. Mass. 2005) (representatives' claims do not have to be identical with absent class members' claims); <u>In re Pharm. Indus. Average Wholesale Price Litig.</u>, 230 F.R.D. 61, 78 (D. Mass. 2005) ("[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."). Although my ruling certifying the class in the Securities Action expressly dealt only with potential intra-class conflicts concerning loss causation, my reasoning applies equally to both of defendants' intra-class conflict arguments.

Accordingly, I reject defendants' typicality and adequacy arguments.

## B.  Shortened Class Period

Defendant next argue that the class period should be shortened to exclude investors who sold their TyCom shares prior to March 21, 2001.  This argument is based on defendants' contention that investors who sold their TyCom shares prior to this date cannot show loss causation because the Consolidated Complaint fails to identify a corrective disclosure prior to March 21, 2001.  I reject this argument for the same reasons that I rejected a similar request in certifying the Tyco Securities Plaintiffs' class.

> Tyco's argument for the immediate exclusion of class members who sold their stock before the first corrective disclosure alleged in the complaint is based on the faulty premise that loss causation must be pleaded with particularity.  Disputes about loss causation turn primarily on questions of fact.  Wortley v. Camplin, 333 F.3d 284, 295 (1st Cir. 2003).  Moreover, unlike elements of a § 10(b) claim such as fraud and scienter, neither Federal Rule of Civil Procedure 9(b) nor the Private Securities Litigation Reform Act require that securities fraud plaintiffs plead loss causation with specificity.  Dura [Pharm., Inc. v. Broudo], 544 U.S. [336,] 347 [(2005)].  Instead, the complaint need only "provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind."  Id.  The plaintiffs have satisfied this requirement by pleading

-10-

that their claimed losses were caused by corrective disclosures.  That they have specifically identified certain corrective disclosures in the complaint does not preclude them from later identifying additional disclosures.  Thus, it is too early in the litigation to exclude former shareholders from the class simply because their losses were caused by corrective disclosures that have not yet been specifically identified.  Tyco remains free to develop the issue further during discovery and to renew its argument in a properly supported motion for summary judgment at the appropriate time.

Tyco Class Cert., 236 F.R.D. at 71.


### III.  CONCLUSION

For the reasons set forth above, plaintiff's motion for class certification (Doc. No. 651) is granted.

SO ORDERED.


                                    /s/Paul Barbadoro
                                    Paul Barbadoro
                                    United States District Judge

June 12, 2007

cc:  Counsel of Record