Rockingham
No. 2000-012

CASSANDRA HAWKINS

v.

NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES

December 31, 2001

*New Hampshire Legal Assistance*, of Portsmouth and Manchester (*Kay E. Drought* and *Kenneth J. Barnes* on the brief, and *Ms. Drought* orally), for the plaintiff.

*Philip T. McLaughlin*, attorney general (*Mary E. Schwarzer*, assistant attorney general, on the brief and orally), for the defendant.

*Malloy & Sullivan, P.C.*, of Manchester (*Gregory V. Sullivan* on the brief), for Union Leader Corporation, as *amicus curiae*.

*Orr & Reno, P.A.*, of Concord (*James P. Bassett* on the brief), for Keene Publishing Corporation, as *amicus curiae*.

BROCK, C.J. The plaintiff, Cassandra Hawkins, appeals a Superior Court (*Coffey*, J.) order dismissing her petition for declaratory and injunctive relief under the Right-to-Know Law, RSA ch. 91-A (2001 & Supp. 2001), seeking access to certain records kept by the defendant, New Hampshire Department of Health and Human Services (HHS). We vacate and remand.

In 1998, the plaintiff's counsel, on behalf of the plaintiff and other families, requested HHS to make available records of dental services provided to New Hampshire Medicaid recipients under the age of twenty-one and of Medicaid reimbursement payments made to their dental healthcare providers from 1993 to 1998. The plaintiff asserted that the purpose for obtaining this information was to evaluate HHS' compliance with federal Medicaid law regarding dental services for recipients under twenty-one. In response to the plaintiff's request, HHS provided "preformatted" tabular summary reports. The plaintiff claims these reports were unresponsive to her request because most of the data provided did not distinguish between recipients by age and the few records specific to individuals under twenty-one offered no information regarding the dental services provided to them.

In 1999, the plaintiff filed a petition for declaratory and injunctive relief requesting access to the aforementioned records pursuant to RSA chapter 91-A. In her petition, the plaintiff requested the court to find that under

RSA chapter 91-A: (1) the data sought were public records subject to disclosure; (2) HHS could be required to copy onto tapes the requested computer data; and (3) the plaintiff was required to pay only for the actual cost of the tape itself. HHS argued that the information was stored in the Medicaid claims processing system as "input data," which are discrete bits of information, and therefore did not constitute existing documents subject to disclosure under RSA 91-A:4. HHS asserted before the trial court that none of its programs was capable of generating the information in the format requested. In addition, the agency contended that the plaintiff was required to pre-pay for the cost to create the documents.

The plaintiff moved to compel production of the data. HHS then moved to dismiss the plaintiff's petition. The superior court granted HHS' motion, concluding:

> The plaintiff here does not simply seek a copy of a particular government document, but rather asks the Court to order the defendant to create a new document to meet her request. The cost of creating an entirely new data manipulation program, assembling the diverse pieces of data, and encrypting or removing any confidential information would exceed $10,000, by the defendant's estimate. As a matter of law, RSA Chapter 91-A does not intend such a result.

This appeal followed.

On appeal, the plaintiff argues the trial court erred in granting HHS' motion to dismiss because: (1) HHS admitted that it possessed the "input data" requested; (2) the data constituted public records under RSA 91-A:4; and (3) the court considered the alleged cost of compliance in determining whether the data constituted public records under RSA 91-A:4.

■ "[I]n ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the plaintiff's pleadings sufficiently establish a basis upon which relief may be granted." *Provencher v. Buzzell-Plourde Assoc.*, 142 N.H. 848, 852-53 (1998). In making this determination, the court should assume the truth of the plaintiff's well-pleaded allegations of fact and construe all reasonable inferences from them most favorably to the plaintiff. *Hacking v. Town of Belmont*, 143 N.H. 546, 549 (1999).

The trial court's interpretation of a statute is a question of law, which we review *de novo. Fichtner v. Pittsley*, 146 N.H. 512, 514 (2001). The starting point in any statutory interpretation case is the language of the statute itself. *Kaplan v. Booth Creek Ski Group*, 147 N.H. 202, 204 (2001). Where the language of a particular statutory provision is at issue, "we will focus

on the statute as a whole, not on isolated words or phrases." *Snow v. American Morgan Horse Assoc.*, 141 N.H. 467, 471 (1996).

The information the plaintiff is requesting is derived from Medicaid claims received by HHS, either in hard copy or electronic form. HHS argues that the information does not constitute a public record because the unlinked electronic information is not already part of an existing document. RSA 91-A:4, V provides:

> In the same manner as set forth in RSA 91-A:4, IV, any body or agency which *maintains its records in a computer storage system may, in lieu of providing original documents, provide a printout of any record* reasonably described and which the agency has the capacity to produce in a manner that does not reveal information which is confidential under this chapter or any other law.

(Emphasis added.)

■ We have previously considered whether information stored on a computer tape is a "public record" within the meaning of RSA 91-A:4. In *Menge v. Manchester*, 113 N.H. 533, 537 (1973), we recognized that a duplicate of a computerized tape of field record cards compiled by the City of Manchester for real estate tax assessment purposes was a public record. Likewise, a Medicaid claim form does not lose its status as a public record simply because it is stored within a computer system.

■■ To the extent the plaintiff's request is for copies of the individual Medicaid claims, it does not require that HHS create new records. RSA chapter 91-A does not require HHS to compile data into a format specifically requested by a person seeking information under the statute. It does, however, require that public records received by HHS be maintained in a manner that makes them available to the public. *See* RSA 91-A:4, III-V. The trial court correctly ruled that HHS was not required to create a new document. However, to the extent that the plaintiff requests the Medicaid claims compiled in their original form, we remand for further proceedings.

■ The next issue is whether under RSA chapter 91-A cost is a factor that may be considered in determining whether information is a public record. In its analysis determining that the requested information was not a public record, the trial court used cost as a factor. Under RSA 91-A:5, cost is not listed as an exemption to disclosure of otherwise public

information. In addition, in RSA 91-A:4, IV, where cost is addressed directly, it is not contemplated as a factor that could prohibit disclosure. The statute provides:

> If a photocopying machine or other device maintained for use by a body or agency is used by the body or agency to copy the public record or document requested, the person requesting the copy may be charged the actual cost of providing the copy, which cost may be collected by the body or agency.

RSA 91-A:4, IV. Therefore, we find that cost is not a factor in determining whether the information is a public record.

We do not reach the question of who bears the burden of paying for the cost of producing the information requested, because the issue is not ripe for our review.

The issues in this case foreshadow the serious problems that requests for public records will engender in the future as a result of computer technology. Unless the legislature addresses the nature of computerized information and the extent to which the public will be provided access to stored data, we will be called upon to establish accessibility on a case-by-case basis. It is our hope that the legislature will promptly examine the Right-to-Know Law in the context of advancing computer technology.

*Vacated and remanded.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.