Jeanne JARVAISE, et al., Plaintiffs,

v.

RAND CORPORATION, Defendant.

No. Civ.A. 96–2680(RWR).

United States District Court,
District of Columbia.

Feb. 19, 2002.

2

Timothy Brian Fleming, Gordon, Silber-
man, Wiggins & Childs, PC, Washington,
DC, Paul C. Sprenger, Michael D. Lieder,
Sprenger & Lang, PLLC, Washington, DC,
for Plaintiffs.

Barbara Berish Brown, Paul, Hastings, Ja-
nofsky & Walker, LLP, Washington, DC,
Karen J. Kubin, Cooley Godward, LLP, San
Francisco, CA, for Defendant.

## MEMORANDUM OPINION AND ORDER

ROBERTS, District Judge.

Plaintiffs filed this employment discrimina-
tion case against Rand Corporation ("Rand")
on their own behalf and seeking to represent
a limited class of female Rand employees.
Plaintiffs allege that Rand had a pattern and
practice of paying female employees less
than male employees. Plaintiffs have estab-
lished the minimum prerequisites for a class
action under Federal Rule of Civil Procedure
23(a). Plaintiffs have also shown that the
questions of law and fact common to the
members of the class predominate over ques-
tions affecting only individual members and
that a class action is superior to other avail-
able methods for the fair and efficient adjudi-
cation of this matter. As a result, plaintiffs'
request for class certification under Rule
23(b)(3) and to maintain their Equal Pay Act
claim as a collective action will be granted.

### BACKGROUND

Plaintiffs are three women who were previ-
ously employed by Rand. Jeanne Jarvaise
worked first at the Rand office in California
and later at the Rand office in Washington,
D.C. Monica Pinto worked at the Washing-
ton, D.C. office, and Ruth Berg worked at
the California office. Plaintiffs allege that
Rand discriminated against its female em-
ployees by engaging in a pattern or practice
of paying females less than males. Plaintiffs
allege that Rand's pay disparity violated Ti-
tle VII, 42 U.S.C. § 2000e *et seq.* (West
2000) and the Equal Pay Act, 29 U.S.C.
§ 206(d)(1). Plaintiffs also allege that Rand
violated the employment discrimination laws
of the District of Columbia and California.
Plaintiffs seek back pay, costs, and attorneys'
fees.

### DISCUSSION

**I.  Class Certification**

In order to obtain class certification, plain-
tiffs bear the burden of establishing the four
prerequisites of Rule 23(a) of the Federal
Rules of Civil Procedure and of showing that
the case falls within at least one of the three
categories of Federal Rule 23(b). *Pigford v.
Glickman,* 182 F.R.D. 341, 345 (D.D.C.1998)

(citing *Hartman v. Duffey,* 19 F.3d 1459, 1468 (D.C.Cir.1994); *Franklin v. Barry,* 909 F.Supp. 21, 30 (D.D.C.1995)).

## A. RULE 23(a) PREREQUISITES

Rule 23(a) sets forth the plaintiffs' obligation to demonstrate that (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation"). Fed.R.Civ.P. 23(a); *id.* "Traditionally, commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class." *Piazza v. Ebsco Industries, Inc.,* 273 F.3d 1341, 1346 (11th Cir.2001).

■ "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Stewart v. Abraham,* 275 F.3d 220, 226–27 (3d Cir.2001). Plaintiffs have presented evidence from records produced by defendant which shows that the proposed class includes approximately 260 women. Approximately 215 of the class members worked in California and 45 worked in the District of Columbia. Because the number of class members is somewhat large and because the class members are not located in a confined geographical area, joinder of all class members would be impracticable and the numerosity requirement is satisfied.

■ "The commonality test is met where there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *See Lightbourn v. County of El Paso,* 118 F.3d 421, 426 (5th Cir.1997), *cert. denied,* 522 U.S. 1052, 118 S.Ct. 700, 139 L.Ed.2d 643 (1998). Plaintiffs are not required to show that there is commonality on every factual and legal issue. *See Pigford,* 182 F.R.D. at 348 (citing *Franklin v. Barry,* 909 F.Supp. at 30). In this case, plaintiffs rely on statistical evidence to establish that Rand had a system-wide practice of paying female employees less than male employees. Whether plaintiffs' statistical evidence establishes sex discrimination is ,an issue common to the claims of all the putative class members.[1] Plaintiffs have satisfied the commonality requirement.

■ The typicality prerequisite is intended to assess whether the dispute can be effectively maintained as a class action and whether the named plaintiffs have incentives that are consistent with those of the other class members such that the members' interests will be fully and fairly represented. *Pigford v. Glickman,* 182 F.R.D. 341, 349 (D.D.C.1998). The requirement "is satisfied if each class member's claim arises from the same course of events that led to the claims of the representative parties and each class member makes similar legal arguments to prove the defendant's liability." *Id.* The sex discrimination claim of each member of the putative class arises from the same alleged pattern and practice of pay disparity asserted by the class representatives. Each class member's claim is dependent upon the same legal arguments and statistical evidence. Plaintiffs have satisfied the typicality requirement for class certification.

■ The final element of Rule 23(a) involves an inquiry into the adequacy of representation, including the quality of class counsel, any disparity of interest between class representatives and members of the class, communication between class counsel and the class, and the overall context of the litigation. *Pigford,* 182 F.R.D. at 350 (citing *Twelve John Does v. District of Columbia,* 117 F.3d 571, 575 (D.C.Cir.1997)). The quality of class counsel is unchallenged, and the interest and persistence of the named plaintiffs cannot be

---

1. Defendant challenges the validity of plaintiffs' statistical analysis and has submitted its own statistical analysis which indicates that any pay disparities were not the result of sex discrimination. The battle of statistical experts, while central to the ultimate issue of liability, is not relevant to the issue of class certification. *Caridad v. Metro–North Commuter R.R.,* 191 F.3d 283, 292 (2d Cir.1999), *cert. denied,* 529 U.S. 1107, 120 S.Ct. 1959, 146 L.Ed.2d 791 (2000).

questioned in light of their prolonged prosecution of this case. The interests of the class representatives and the employees they seek to represent are consistent. Although the named plaintiffs have severely restricted the time period of the proposed class definition and have eliminated many of the claims and requests for relief, there is no basis for a finding that they do not adequately represent the proposed class as it is now defined. The named plaintiffs have shown that they will fairly and adequately protect the interests of the class they seek to represent.

Plaintiffs have satisfied their burden to establish each of Rule 23(a)'s four prerequisites for class certification.

## B. RULE 23(b)(3) REQUIREMENTS

■ In this case, plaintiffs seek class certification pursuant to Rule 23(b)(3), which provides for certification if the court "finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R.Civ.P. 23(b)(3). The requirements of predominance and superiority in Rule 23(b)(3) are in addition to the requirements of Rule 23(a). *Thomas v. Albright*, 139 F.3d 227, 234 (D.C.Cir.1998). Rule 23(b)(3) includes a non-exclusive list of relevant factors to consider:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3).

The class members have not indicated any interest in controlling the prosecution of this case individually and have not filed their own sex discrimination lawsuits. Although there is no particular desirability in concentrating the litigation in this district, it is preferable to concentrate the litigation in one district.

There are no apparent difficulties in managing this case as a class action.

"There are no bright line tests for determining whether common questions predominate, but in general a claim will suffice when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position." *In re Lorazepam & Clorazepate Antitrust Litigation*, 202 F.R.D. 12, 29 (D.D.C.2001) (internal quotations omitted). In this case, the common question regarding the validity and adequacy of plaintiffs' statistical analysis to support their sex discrimination claim strongly predominates over any individual issues.

■ A class action approach to this litigation is superior to available alternatives. Without class certification, there could be either a significant number of individual lawsuits wasting judicial resources and resulting in inconsistent adjudications or a significant number of individuals deprived of their day in court because they are otherwise unable to afford independent representation.

## II. *Equal Pay Act Collective Action*

■ "An action to recover [for alleged violations of the Equal Pay Act] may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Plaintiffs seek to maintain their Equal Pay Act claim against Rand as a collective action for themselves and on behalf of certain other similarly situated employees. The only requirement for a collective action under the Equal Pay Act is that the represented employees be similarly situated to the representative employees, and plaintiffs have limited the description of the employees they seek to represent such that their collective action involves only similarly situated employees. Consequently, plaintiffs are entitled to pursue their Equal Pay Act claim as a collective action under § 216(b).

The Equal Pay Act also provides, however, that "[n]o employee shall be a party plaintiff

to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* Any similarly-situated Rand employee who wants to participate in this Equal Pay Act case must file the written consent required by § 216(b).

*CONCLUSION AND ORDER*

Plaintiffs have shown that the proposed members of the collective action under the Equal Pay Act are similarly situated. Plaintiffs have also established the requirements for class certification under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, it is hereby

ORDERED that plaintiff's motion for class certification [36] be, and hereby is, **GRANTED.** The certified class consists of all female Rand employees in exempt positions at any time between February 21, 1995 and July 31, 1998, who did not have authority to make compensation decisions. The collective action under the Equal Pay Act includes all female Rand employees in exempt positions at any time between November 27, 1993 and July 31, 1998, who did not have authority to make compensation decisions.