Hawkins v. HHS                              CV-99-143-JD   01/23/04
P

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Cassandra Hawkins, et al.

    v.                                    Civil No. 99-143-JD
                                 Opinion 2004 DNH 023
Commissioner of the
New Hampshire Department
of Health and Human Services


O R D E R


The plaintiffs brought a civil rights suit as a proposed class action in which they alleged that the New Hampshire Department of Health and Human Services has failed to provide Early and Periodic Screening, Diagnosis and Treatment ("EPSDT") dental services for which they were eligible under Title XIX of the Social Security Act, 42 U.S.C. § 1396, et seq. (the "Medicaid Act").[1]  Following years of litigation, the parties have reached a settlement.  The Joint Motion for Preliminary Approval of Proposed Class Action Settlement was granted on September 4, 2003.  The parties now seek final

----

[1]The named plaintiffs are Cassandra Hawkins, Aimee Kent, and Laurie Tilton, each on behalf of her minor children, who are AJ Hawkins, Rachel Kent, Nicole Kent, Brian Kent, Jr., and Shania Tilton.  The defendant is the Commissioner of the New Hampshire Department of Health and Human Services, who is sued in his official capacity.  As such, the Department, rather than the Commissioner as an individual, is the defendant.  See Kentucky v. Graham, 473 U.S. 159, 165 (1985).

approval of the settlement.

"A class action shall not be dismissed or compromised without the approval of the court." Fed. R. Civ. P. 23(e). Prior to addressing the proposed settlement, however, the court must determine whether the plaintiff class, as agreed to by the parties, may be certified for purposes of the settlement. Although the issue of class certification was extensively litigated in the course of this suit, the parties have now agreed to the certification of the following class under Rules 23(a) and 23(b)(2): "all persons under age 21 who are now enrolled, or who become enrolled during the term of this Decree, in the New Hampshire Medicaid program and are, or become, entitled to receive EPSDT dental services."

I. Standing

"[N]amed plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." Lewis v. Casey, 518 U.S. 343, 357 (1996) (internal quotation marks omitted). Therefore, "prior to the certification of a class, the district court must determine that at least one named class representative has Article III standing to raise each class [claim]." Prado-Steiman v. Bush, 221 F.2d 1266,

2

1279-80 (11th Cir. 2000).

Before the parties agreed to a settlement, the Department contested the standing of two of the three named plaintiffs to maintain their claims in this action, because their children were not eligible for Medicaid benefits at the time of the hearing on class certification.  The Department did not challenge the standing of Laurie Tilton to bring the claims alleged in the Fourth Amended Complaint on behalf of her daughter, Shania Tilton, and nothing in the record demonstrates that Shania is not now eligible for Medicaid benefits or that her mother lacks standing to maintain the claims alleged in the complaint on behalf of her and the proposed class.  The allegations in the complaint and the parties' factual stipulations filed for purposes of considering class certification show that Laurie Tilton claims the Medicaid benefits for Shania that are also claimed on behalf of the class.  Therefore, at least one of the named class representatives, Laurie Tilton, has standing to pursue the claims in this suit.[2]

---

[2]In addition, Aimee Kent has standing, despite her children's current ineligibility for Medicaid, to pursue class certification, even if her claims on the merits are now moot. See U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 404 (1980); Grant v. Gilbert, 324 F.3d 383, 389-90 (5th Cir. 2003).  Once a class is certified, the class has a legal status of its own that affects the standing analysis.  See Birmingham Steel

II.  Class Certification

To be certified for purposes of settlement, the proposed class must meet the requirements of both Rule 23(a) and Rule 23(b)(2).  See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 613 (1997).  When considering certification of a settlement class, the court must pay "undiluted, even heightened" attention to the provisions of Rule 23(a) and (b), which are "designed to protect absentees by blocking unwarranted or overbroad class definitions."  Id. at 620.  The court need not, however, "inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial."  Id.

The court does not "conduct a preliminary inquiry into the merits of a suit" for purposes of determining whether to certify a class.  Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974).  Class certification may be decided on the pleadings in some cases, but in others "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification issue."  Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 160 (1982).  At the certification stage, the court focuses on the requirements of

Corp. v. Tenn. Valley Auth., 2003 WL 22999501, at *4-5 (11th Cir. Dec. 23, 2003); Payton v. County of Kane, 308 F.3d 673, 680-81 (7th Cir. 2002).

4

Rule 23, and the factual issues raised by those requirements, not on the merits of the plaintiffs' claims. See Szabo v. Bridgeport Mach., Inc., 249 F.3d 672, 675-76 (7th Cir. 2001); Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 298 (1st Cir. 2000).

### A. Rule 23(a)

"The Rule 23(a) elements are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." Smilow v. Southwestern Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003) (citing Amchem, 521 U.S. at 613). Numerosity requires that the class include so many members that joinder would be impracticable. Fed. R. Civ. P. 23(a)(1). The commonality requirement is met if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Typicality requires that the claims of the named plaintiffs be typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). The representation is adequate if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

### 1. Numerosity.

The evidence shows that in May of 2003, when the issue of class certification was being litigated by the parties, more

5

than 55,000 children in New Hampshire were eligible for Medicaid. Of those children, more than 12,000 were enrolled in the Department of Health and Human Services' voluntary Medicaid managed care program and were eligible to receive dental services through a prepaid dental benefit plan. As of July 1, 2003, those children were no longer eligible for the dental plan and would have had to receive dental services through the Medicaid fee-for-service program. From 1993 through at least June of 2003, fewer than forty-five percent of the children enrolled in Medicaid received any dental services reimbursed by Medicaid.

The Department does not contest the numerosity requirement. The court is satisfied that the proposed class is sufficiently large to meet the requirements of Rule 23(a)(1).

### 2. Commonality and typicality.

The requirements of Rule 23(a)(2) and (3) are often considered together. See Falcon, 457 U.S. at 157 n.13; Bolanos v. Norwegian Cruise Lines, Ltd., 212 F.R.D. 144, 155 (S.D.N.Y. 2002). "'The crux of both requirements is to ensure that maintenance of a class action is economical and that the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be

6

fairly and adequately protected in their absence.'" <u>Id.</u>
(quoting <u>Marison A. v. Giuliani</u>, 126 F.3d 372, 376 (2d Cir.
1997)). To satisfy the commonality requirement, the named
plaintiffs' claims must share at least one common question of
law or fact with the class's claims. <u>See, e.g.</u>, <u>Stanton v.
Boeing Co.</u>, 327 F.3d 938, 953 (9th Cir. 2003); <u>Collazo v.
Calderon</u>, 212 F.R.D. 437, 442 (D.P.R. 2002). As long as the
claims of the named plaintiffs and the class "involve the same
conduct by the defendant, typicality is established regardless
of factual differences." <u>Johnson v. HBO Film Mgt., Inc.</u>, 265
F.3d 178, 184 (3d Cir. 2001).

The named plaintiffs' claims and the class claims are the
same in this case. They contend that the Department failed to
provide EPSDT services to children who were entitled to
receive those services under Medicaid. The Department did not
contest the typicality and commonality requirements with
respect to three of the claims in the complaint. As to the
claims for screening services, treatment, case management, and
scheduling or transportation assistance, however, the
Department asserted that those claims are not triggered unless
those services were requested and not provided. The
Department contended that plaintiff Laurie Tilton would not be
able to show that she requested services, as is required by
the applicable Medicaid statutes, so that her claim would fail

7

on the merits.  Therefore, the Department argues, Tilton's claims do not satisfy the commonality or typicality requirements.[3]

As is noted above, the court does not decide the elements of Rule 23(a) by assessing the merits of the claims.  Instead, the court considers, in the context of this case, whether the named plaintiff has alleged claims that "due to the policies and practices of the [defendant] in administering the system, [she has] been, and will continue to be, denied access to Medicaid services.  This common fact pattern gives rise to common legal issues, alleging violations of the Medicaid Act and its implementing regulations."  Rancourt v. Concannon, 207 F.R.D. 14, 16 (D. Me. 2002); see also Risinger v. Concannon, 201 F.R.D. 16, 19 (D. Me. 2001).  The plaintiffs' allegations satisfy the requirements of Rule 23 (a)(2) and (3).


### 3.  Adequacy of representation.

Representation is fair and adequate if the interests of the named plaintiffs will not conflict with the interests of the class and if counsel "is qualified, experienced and able to vigorously conduct the proposed litigation."  Andrews v.

---

[3]As noted above, Aimee Kent also has standing to pursue class certification.

<u>Bechtel Power Corp.</u>, 780 F.2d 124, 130 (1st Cir. 1985). Although the Department previously asserted that Laurie Tilton had a conflict with the class as to the transportation claim, the factual predicate asserted to show that conflict is not persuasive. Instead, it appears that Tilton, on behalf of her daughter, needed transportation services and employed extreme measures of self help in the absence of those services. The Department did not contest the qualifications of counsel from New Hampshire Legal Assistance ("NHLA"), who have represented the named plaintiffs in this action, and the court is satisfied that the representation is adequate.[4]

B. <u>Rule 23(b)(2)</u>

A class may be certified under Rule 23(b)(2) if the prerequisites of Rule 23(a) are satisfied and "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Classes certified under Rule 23(b)(2) "frequently serve as the vehicle for civil

---

[4]NHLA has represented clients in state and federal court for many years. <u>See, e.g.</u>, <u>Laaman v. Warden</u>, 238 F.3d 14 (1st Cir. 2001) (giving history of class action litigation on behalf of prisoners and consent decree); <u>Crowley v. Frazier</u>, 147 N.H. 387 (2001); <u>Hynes v. Hale</u>, 146 N.H. 533 (2001).

rights actions and other institutional reform cases," including cases alleging deficiencies in government administered programs such as Medicaid. Baby Neal v. Casey, 43 F.3d 48, 58-9 (3d Cir. 1994); see also, e.g., Frew v. Hawkins, 124 S. Ct 899 (U.S. 2004); Doe v. Bush, 261 F.3d 1037, 1051 (11th Cir. 2001); M.A.C. v. Betit, 284 F. Supp. 2d 1298, 1304 (D. Utah 2003); Verdow v. Sutkowy, 209 F.R.D. 309, 313 (N.D.N.Y. 2002); Rancourt, 207 F.R.D. at 16; Carr v. Wilson-Coker, 203 F.R.D. 66, 75 (D. Conn. 2001); Reynolds v. Giuliani, 118 F. Supp. 2d 352, 390-91 (S.D.N.Y. 2000).

The plaintiffs in this case allege that the Department's policies and practices have deprived their children, along with all of the other children in the class, of dental services in violation of the EPSDT provisions of Medicaid. As such, the plaintiffs allege that the Department has acted or refused to act on grounds generally applicable to the class. The class may be maintained under Rule 23(b)(2). The proposed class, "all persons under age 21 who are now enrolled, or who become enrolled during the term of this Decree, in the New Hampshire Medicaid program and are, or become, entitled to receive EPSDT dental services," meets the requirements of both Rule 23(a) and (b)(2). Therefore the class is certified for purposes of settlement.

III. Settlement

10

"A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Fed. R. Civ. P. 23(e). Reasonable notice must be provided to class members to allow them an opportunity to object to the proposed settlement. See Durrett v. Hous. Auth. of the City of Providence, 896 F.2d 600, 604 (1st Cir. 1990). "A district court can approve a class action settlement only if it is fair, adequate and reasonable." City P'ship Co. v. Atl. Acquisition Ltd. P'ship, 100 F.3d 1041, 1043 (1st Cir. 1996). A hearing was held on December 15, 2003, to address the proposed settlement.

A. Notice

In response to the parties' motion for preliminary approval of their proposed settlement, the court ordered the Department to provide notice of the proposed settlement by posting a notice in its offices and mailing the notice to class members advising of the parties' intention to settle the suit. The same notice was also to be published on at least two occasions in newspapers published in Concord, Nashua, Keene, Berlin, Grafton County, Dover, Littleton, and Coos County. The Department has submitted evidence that it has

11

complied with the ordered notice requirements.  NHLA also represented at the hearing that counsel issued a joint press release about the proposed settlement and that NHLA received more than 200 calls in response.  The notice provided, therefore, more than complied with the court order.

    B.  <u>Fair, Adequate, and Reasonable</u>

    In determining whether a proposed class settlement is fair, adequate, and reasonable, the court undertakes a detailed assessment of the terms of the settlement, the interests of the class members as well as any third parties that might be affected by the settlement, and the circumstances of the litigation and the proposed settlement. <u>See</u> <u>Duhaime v. John Hancock Mut. Life Ins. Co.</u>, 183 F.3d 1, 2, 7 (1st Cir. 1999); <u>Durett</u>, 896 F.2d at 604.  Because the proposed class is mandatory under Rule 23(b)(2), the court must review the proposal with heightened attention.  <u>Amchem</u>, 521 U.S. at 620.

    Factors that will be considered in assessing the proposed settlement are:  (1) the complexity of the litigation, (2) the posture of the case at the time settlement was proposed, (3) the extent of discovery conducted in the case, (4) the circumstances of the settlement negotiations, (5) the experience of counsel, (6) the relative strength of the

plaintiffs' case on the merits, the possible defenses, and other risks in the litigation, (7) the anticipated duration and expense of further litigation, and (8) the reaction of the class and opposition to the settlement. See In re Gen. Motors Corp., 55 F.3d 768, 785 (3d Cir. 1995); Kovacs v. Ernst & Young, 927 F.2d 155, 158 (4th Cir. 1991). A presumption in favor of the proposed settlement arises when sufficient discovery has been provided, counsel have experience in similar cases, and the parties have bargained at arms-length. City P'ship Co., 100 F.3d at 1043; Rolland v. Celluci, 191 F.R.D. 3, 6 (D. Mass. 2000).

This case involved eight claims under the Medicaid Act, 42 U.S.C. § 1396 to § 1396v., et seq., and the state's obligation to provide EPSDT services, in particular. At the hearing, counsel for both sides reiterated the complexity of the litigation and the extensive discovery that was undertaken in this case. The case was thoroughly litigated from its filing date in March of 1999, through motions practice, discovery, and extensive mediation efforts.[5] More than thirty depositions were taken; tens of thousands of pages were

---

[5]In addition to the proceedings in this court, the plaintiffs brought a related action in state court under the right-to-know law, seeking access to Medicaid records kept by the New Hampshire Department of Health & Human Services. Hawkins v. N.H. Dep't of Health & Human Servs., 147 N.H. 376 (2001).

requested and produced in discovery, and both sides issued requests for admissions and multiple sets of interrogatories.

Both sides extensively briefed issues pertaining to class certification, which involved four motions for certification filed by the plaintiffs. A hearing was held before the magistrate judge on class certification, although the report and recommendation as to certification had not yet issued when the parties notified the court that they had agreed to a settlement in August of 2003. The Department's motion for partial summary judgment was also pending at the time the settlement was announced.

Counsel for the Department acknowledged at the hearing on the proposed settlement that the plaintiffs' claims raised complex statutory issues and that at least some of the claims would have gone to trial. Counsel estimated that the cost to the state of going forward would have included $70,000 spent for discovery and more than $100,000 spent for expert witnesses. She also estimated that those costs would have doubled if the case had gone to trial.

Counsel engaged in extensive negotiations for purposes of settlement which began in the spring of 2001. They also participated in mediation over an extended period. The settlement required numerous drafts and discussions over a

14

long period of time.

The proposed consent decree requires the Department to comply with federal law and lists statutes and regulations pertaining to EPSDT services under Medicaid.  The Department is required to allocate $1.2 million each year in additional state funds for the EPSDT dental program, which is believed to be sufficient to allow the Department to meet its obligations under the consent decree.  The consent decree addresses the Department's obligations in detail and requires communication between the Department and counsel for the plaintiffs for the exchange of certain information and in the event of circumstances that would require modification of the obligations.

The consent decree provides that the court will retain jurisdiction over the action for five years from the final order approving the settlement and then for a sixth year to determine compliance during the previous five years.  In addition, counsel for the plaintiffs is allowed to monitor the Department's compliance with the terms of the decree and is allowed reasonable attorneys' fees for those efforts.  If counsel for the plaintiffs contends that the Department is not in compliance, the parties will first meet and attempt to negotiate the issues and will ask for court intervention only if their own efforts fail.

15

The court received only three letters in response to the notice of the proposed settlement. Only two of those letters were objections. One letter objected to more money being spent on Medicaid services, and the other letter objected to the suit on the grounds that the writer had not experienced deficiencies and money should not be spent on lawsuits. Neither letter suggested that the settlement proposed in this case is not fair, adequate, and reasonable for the class members.

At the hearing, Isabelle Diaz, who is a member of the class certified in this case, testified about the difficulties she has experienced in obtaining Medicaid dental services for her children. Although Mrs. Diaz is Spanish-speaking, she was able to communicate with the court through her young bilingual son and one of the NHLA attorneys. The consent decree in this case provides exactly the kind of services and assistance that Mrs. Diaz testified she lacks and needs to have in order to access dental services for her children.

Having reviewed the consent decree proposed by the parties as the settlement of this class action in light of the various considerations used to evaluate class action settlements, the court is satisfied that the consent decree is a fair, adequate, and reasonable settlement of this case.

16

## Conclusion

For the foregoing reasons, the parties' joint motion for final approval of the proposed class action settlement (document no. 209) is granted, and the consent decree submitted with the motion for preliminary approval (document no. 205) has been approved and signed on this date.

The parties have indicated that they will resolve the issue of attorneys' fees.

Although the court will retain jurisdiction as provided in the consent decree, no further action is now required in this case.  Therefore, the case will be closed.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 23, 2004

cc:  Kenneth J. Barnes, Esquire
     Kay E. Drought, Esquire
     Mary E. Schwarzer, Esquire